UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Ricardo M. Thornton,<br>Plaintiff<br>v.<br>Clark County Detention Center, et al.,<br>Defendants | Case No. 2:25-cv-02109-CDS-MDC<br>**Screening Order** |

Plaintiff Ricardo M. Thornton, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983, and has filed an application to proceed *in forma pauperis* ("IFP"), a motion for appointment of counsel, and a motion to apply or credit filing fee payments from a different case. ECF Nos. 1, 1-1, 8, 10. I now grant the IFP, screen Thornton's civil rights complaint under 28 U.S.C. § 1915A, and deny the motions.

**I. IFP and motion to apply or credit payments from a different case**

Thornton's IFP is granted. ECF No. 1. Based on the information regarding Thornton's financial status, I find that Thornton is unable to pay an initial installment payment toward the full filing fee pursuant to 28 U.S.C. § 1915. Thornton will, however, be required to make monthly payments toward the full $350.00 filing fee when he has funds available.

Thornton files a motion to move the filing fee payments being collected in his other case, *Thornton v. L.V.M.P.D.*, 2:25-cv-01999-GMN-DJA, to this one. ECF No. 10. I deny Thornton's motion. The court will continue to collect payments for the other case and will start collection of payments for this case pursuant to § 1915.

## II. Screening standard

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act requires a federal court to dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle them to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination,

the court takes as true all allegations of material fact stated in the complaint and construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

A reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

All or part of a complaint filed by an incarcerated person may therefore be dismissed *sua sponte* if the claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest that clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## III. Screening of complaint

In the complaint, Thornton sues multiple defendants for events that took place while Thornton was at the Clark County Detention Center ("CCDC"). ECF No. 1-1 at 1. Thornton sues the CCDC, the Las Vegas Metropolitan Police Department ("LVMPD"), Doe LVMPD officer, and Doe CCDC officer. *Id.* at 1-2. Thornton brings one claim and seeks monetary damages. *Id.* at 3, 7.

Thornton alleges the following. On June 20, 2025, while on free time in the protective custody unit, Thornton was on the phone when another inmate, Donald Martin, harassed and bullied him. *Id.* at 2-3. Specifically, Martin confronted Thornton, demanded the phone, hung up Thornton's call, kicked Thornton's legal pad, and threatened Thornton with racial slurs. *Id.* at 2-3. Martin, a known gang member, repeatedly used racial threats against Thornton and other African American inmates. *Id.* at 3. Thornton called Officer Mariscal for help but he ignored Thornton and walked away. *Id.* at 2. Martin returned, punched Thornton in the left side of the head, and caused Thornton immediate dizziness, blurred vision, and severe pain. *Id.* at 3. Following the attack, officers handcuffed Thornton and removed Thornton to disciplinary housing. *Id.* Thornton was unable to sleep on his left side due to painful head swelling. *Id.* Later a nurse provided Thornton with a cold pack and pain medication. *Id.* at 4. Thornton now has long-term physical pain, headaches, and vision disturbances. *Id.* Thornton brings one claim for Eighth and Fourteenth Amendment threat to safety. *Id.* at 3.

As an initial matter, Thornton does not specify whether he was a pretrial detainee or a convicted inmate at the time of the events. Because Thornton was at the CCDC during the events, I will analyze the claims as if Thornton were a pretrial detainee. *See Pierce v. County of Orange*, 526 F.3d 1190, 1205 (9th Cir. 2008) (holding that the Eighth Amendment's bar against cruel and unusual punishment applies to convicted prisoners while pretrial detainees are protected by the Fourteenth Amendment's Due Process Clause). I dismiss Thornton's Eighth Amendment claim with prejudice as amendment would be futile and interpret Thornton's allegations as bringing a Fourteenth Amendment due process claim for failure to protect.

A pretrial detainee states a claim for failure-to-protect against an individual officer under the Fourteenth Amendment if: (1) the defendant made an intentional decision with respect to the conditions under which the pretrial detainee was confined; (2) those conditions put the pretrial detainee at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would

have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the pretrial detainee's injuries. *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016).

Although Thornton does not list Officer Mariscal as a defendant in the caption of the complaint, I construe that officer as a defendant based on the allegations. *See Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983) ("[T]he question of whether a defendant is properly in a case is not resolved by merely reading the caption of a complaint. Rather, a party may be properly in a case if the allegations in the body of the complaint make it plain that the party is intended as a defendant.")

I find that Thornton states a colorable claim for failure to protect against Defendant Mariscal. Based on the allegations, after Martin was aggressive and hostile toward Thornton, Thornton immediately informed Mariscal and sought help. However, Thornton alleges that Mariscal ignored Thornton and walked away. Based on the allegations, Martin immediately returned, punched Thornton, and caused long-term damage to Thornton. This claim will proceed against Defendant Mariscal.

I dismiss Thornton's remaining defendants because there are no allegations against them. Moreover, Thornton cannot sue the CCDC because it is not a "person" acting under color of state law. *See, e.g.*, *Smith v. Charleston Cnty.*, 2019 WL 2870406, at *1 (D.S.C. June 11, 2019) ("Courts have routinely held that inanimate objects such as buildings, facilities, and grounds, such as the Sheriff Al Cannon Detention Center, do not act under color of state law and are not a 'person' subject to suit under § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the [Pembroke County Jail] is not a person amenable to suit."); *see also Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin prison not "persons" subject to suit under § 1983). I dismiss the CCDC with prejudice as amendment would be futile because it is a building and not a person who can act or be sued.

## IV. Motion for appointment of counsel (ECF No. 8)

Thornton filed a motion for appointment of counsel because his issues are complex, counsel would be more efficient and would have an easier time obtaining evidence, he is untrained in the law, and he has limited access to the law library. *See* ECF No. 8.

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

In the instant case, I do not find exceptional circumstances that warrant the appointment of counsel because Thornton has listed circumstances common to most inmates. *See, e.g., Baker v. Macomber*, 2020 WL 1182495, at *1 (E.D. Cal. Mar. 12, 2020) (finding that "[c]ircumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel"). I deny the motion for appointment of counsel without prejudice.

## V. Conclusion

I therefore order that Thornton's IFP [ECF No. 1] without having to prepay the full filing fee is **granted**. Thornton will **not** be required to pay an initial installment fee. Nevertheless, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.

I order that, pursuant to 28 U.S.C. § 1915, the Nevada Department of Corrections will forward payments from the account of **Ricardo M. Thornton, #1122352** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of the Court will send a copy of this order to the Finance Division of the Clerk's Office. The Clerk will send a copy of this order to the Chief of Inmate Services for the Nevada Department of Corrections at formapauperis@doc.nv.gov.

I order that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee will still be due, pursuant to 28 U.S.C. §1915.

I order that the motion to apply or credit filing fee payments from another case (ECF No. 10) is denied.

I order that the motion for appointment of counsel **[ECF No. 8] is denied without prejudice**.

The Clerk of the Court is kindly directed to: (a) file the complaint (ECF No. 1-1); (b) send Thornton a courtesy copy of the complaint; and (c) add "Mariscal" to the docket sheet as a defendant.

I order that claim 1, alleging Fourteenth Amendment due process violations for failure to protect, will proceed against defendant Mariscal.

I order that the Eighth Amendment claim is dismissed with prejudice as amendment would be futile.

I order that defendant CCDC is dismissed with prejudice as amendment would be futile.

I order that defendants LVMPD and Does are dismissed from the complaint without prejudice.

I instruct the Clerk's Office to send a copy of this order and the complaint (ECF No. 1-1) to the General Counsel's Office at Las Vegas Metropolitan Police Department at claims@lvmpd.com and m16091c@lvmpd.com.

I order that the General Counsel's Office must, within 21 days of the issuance of this order, file a notice advising the court and Thornton of: (a) the names of the defendant for whom it accepts service; (b) the names of the defendant for whom it does not accept service, and (c) the names of the defendant for whom it is filing a last known address under seal. As to any defendant for whom the General Counsel's Office cannot accept service, the General Counsel's Office must file under seal the last known address of that defendant for whom it has such information. This notice with last known address information is not to be served on Thornton. If the last known address of the defendant is a post office box, the General Counsel's Office must attempt to obtain and provide the last known physical address.

I order that, if the General Counsel's Office accepts service of process for the named defendant, such defendant must file and serve an answer or other response to the complaint (ECF No. 1-1) by December 23, 2026.

I order that, if service cannot be accepted for the defendant, Thornton must file a motion identifying the unserved defendant and requesting issuance of summons. For the defendant as to which the General Counsel's Office does not provide a last known address, Thornton must provide the full name and address for the defendant.

I order that service must be completed by January 23, 2026. Fed. R. Civ. P. 4(m).

I order that Thornton will serve upon defendant or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. If Thornton electronically files a document with the court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1. However, if Thornton mails the document to the court, Thornton shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Thornton shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The court may

disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service when required.

Dated: October 22, 2026

Cristina D. Silva
United States District Judge